ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROSA LYDIA VÉLEZ Y OTROS  **Recurrido**  v.  DEPARTAMENTO DE EDUCACIÓN DE P.R.  **Peticionario** | **KLCE202401244** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Jun  Caso Núm: K PE1980-1738  Sobre: *Injunction*- clásico |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 9 de septiembre de 2025.

Comparece ante este foro el Gobierno de Puerto Rico por sí y en representación del Departamento de Educación de Puerto Rico (Departamento o "parte peticionaria") y nos solicitan que revisemos una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 16 de septiembre de 2024. Mediante el referido dictamen, el foro primario acogió la *Resolución del Comisionado sobre Objeciones al Informe de Cumplimiento 2022-2023*, y ordenó a la Dra. Pilar Beléndez Soltero (Dra. Beléndez o Monitora) a que atendiera todos los asuntos que le concernían.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el auto de *certiorari*.

### I.

El caso de autos tiene su génesis el 14 de noviembre de 1980, cuando un grupo de padres y madres de estudiantes del Programa de Educación Especial (Clase o "parte recurrida") presentaron una *Demanda* de *injunction*

preliminar y permanente y daños en contra del Departamento de Instrucción Pública, conocido actualmente como el Departamento de Educación. En síntesis, alegaron que el Departamento no les estaba proveyendo los servicios de educación especial garantizados por ley de educación especial.

Con el propósito de auxiliar en la implementación de la orden de *injunction*, el foro primario nombró a un Comisionado Especial (Comisionado). Posteriormente, el foro de instancia nombró a una Monitora, a quien le delegó la tarea de velar por el cumplimiento del procedimiento administrativo de querellas, los términos legales para su resolución y, a su vez, dar seguimiento y monitoria al remedio provisional.

Tras varios trámites procesales, el 14 de febrero de 2002, el foro de instancia emitió *Sentencia Parcial* por estipulación. Mediante su dictamen, aprobó ochenta y siete (87) estipulaciones suscritas por las partes, relacionadas con la prestación de servicios de educación especial a los componentes de la Clase. Asimismo, el Tribunal autorizó el inicio de un programa de monitoría, el cual obligaba al Departamento a rendir informes periódicos sobre el cumplimiento con las estipulaciones relacionadas a la prestación de servicios a los miembros de la Clase.

En lo pertinente a la controversia ante nos, el 31 de octubre de 2023, el Departamento presentó ante la Monitora el *Informe de Cumplimiento 2022-2023* (Informe).[1] Sobre este, el 25 de enero de 2024, la Dra. Beléndez presentó una *Moción – Informe de Cumplimiento*

---

[1] *Informe de Cumplimiento*, anejo II (2), págs. 26-52 del apéndice del recurso.

*2022-2023 de la Monitora*, mediante la cual, realizó varias recomendaciones.[2]

Por su parte, el 26 de febrero de 2024, el Departamento presentó *Posición del Departamento de Educación de Puerto Rico al Informe de Cumplimiento de la Monitora para el Año Escolar 2022-2023*.[3] Como de igual forma, la Clase presentó su *Moción en Cumplimiento de Orden: Reacción de la Parte Demandante a Moción – Informe de Cumplimiento 2022-2023 de la Monitora*.[4]

Finalmente, el 21 de marzo de 2024, el Comisionado presentó una *Resolución del Comisionado sobre Objeciones a Informe de Cumplimiento 2022-2023 de la Monitora*.[5] Allí, determinó en cuanto a la estipulación 73, la cual hace referencia al *procedimiento administrativo para la resolución de querellas*, que la determinación de la Monitora sobre no adjudicar el cumplimiento debía ser aprobada. En esencia, la Monitora, planteó que había discrepancias y controversias en el manejo de las querellas.

De otra parte, en cuanto a la estipulación 76, la cual hace referencia a la *distribución de las órdenes emitidas por los jueces administrativos entre diversas agencias y organizaciones*, pero en específico en el criterio 2 "*eliminación de toda la información personal identificable en las órdenes*", el Comisionado mantuvo la adjudicación de cumplimiento otorgada por la Monitora.

---

[2] *Moción – Informe de Cumplimiento 2022-2023 de la Monitora*, anejo II (3), págs. 53-74 del apéndice del recurso.
[3] *Posición del Departamento de Educación de Puerto Rico al Informe de Cumplimento de la Monitora para el Año Escolar 2022-2023*, anejo II (4), págs. 75-97 del apéndice del recurso.
[4] *Moción en Cumplimiento de Orden: Reacción de la Parte Demandante a Moción – Informe de Cumplimiento 2022-2023 de la Monitora*, anejo II (5), págs. 98-299 del apéndice del recurso.
[5] *Resolución del Comisionado sobre Objeciones a Informe de Cumplimiento 2022-2023 de la Monitora*, anejo II (6), págs. 300-333 del apéndice del recurso.

Por ello, recalcó que el Departamento debía cumplir con lo establecido en el criterio de adjudicación.

Finalmente, en la estipulación 23 la cual hace referencia a la petición presupuestaria que hace el Departamento anualmente para el Programa de Educación Especial, el Departamento objetó que la Monitoria había cambiado la forma de evaluar la estipulación al añadir nuevos criterio. Sin embargo, el Comisionado concluyó que la determinación de la Monitora era razonable, por lo que, no intervendría. Asimismo, indicó que "el señalamiento de la Monitora de que un aspecto importante al considerar el presupuesto es el análisis de las partidas que están relacionadas con la provisión de los servicios educativos a los estudiantes [era] correcto".

En desacuerdo, el 26 de abril de 2024, el Departamento presentó una *Moción de Reconsideración a Resolución del Comisionado sobre el Informe de la Monitora del IC del DEPR para el Año Escolar 2022-2023.*[6] En esencia, le solicitó al foro primario a que le brindara espacio al Comisionado para que resolviera todas las controversias jurídicas sobre el segundo criterio de la estipulación 23. En cuanto a la estipulación 76, solicitó le instruyera a la Monitora a que dejara sin efecto la determinación realizada sobre el criterio 2. Además, a que dejara sin efecto la instrucción brindada por el Comisionado a la Monitora para que revisara el nivel de cumplimiento del criterio 1, sobre que el Departamento tomara medidas para asegurarse de que las publicaciones futuras fueran congruentes entre los temas identificados en las

---

[6] *Moción de Reconsideración a Resolución del Comisionado sobre el Informe de la Monitora del IC del DEPR para el Año Escolar 2022-2023*, anejo II (7), págs. 334-391 del apéndice del recurso.

resoluciones emitidas por los jueces y querellas. Finalmente, que instruyera a la Monitora a recalificar la estipulación 23 conforme al Plan de Monitoría 2019 (PMA) y eliminando el nuevo criterio.

En la misma fecha, la Clase presentó *Moción en Cumplimiento de Orden: Reacción de la Parte Demandante a Resolución del Comisionado sobre Objeciones a Informe de Cumplimiento 2022-2023 de la Monitora*.[7]

El 16 de septiembre de 2024, el foro primario notificó la *Resolución y Orden* recurrida.[8] Mediante la cual, acogió la *Resolución del Comisionado sobre objeciones al Informe de Cumplimiento 2022-2023*. A su vez, ordenó a la Monitora a que atendiera todos los asuntos que le concernían dispuestos en la resolución.

En desacuerdo, el 1 de octubre de 2024, el Departamento presentó una *Solicitud de Reconsideración*.[9] No obstante, el 16 de octubre de 2024, mediante *Orden*, el foro primario la declaró *No Ha Lugar*.[10]

Aun inconforme, el 15 de noviembre de 2024, el Departamento presentó el recurso de epígrafe. Mediante el cual planteó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la *Solicitud de Reconsideración* instada por el DEPR a los efectos de revisar las controversias sobre las Estipulaciones 23, 73 y 76 del *Informe de Cumplimiento Anual* del DEPR para el año escolar 2022-2023.
>
> Erró el Honorable Tribunal de Primera Instancia al prescindir de atender los señalamientos que se trajeron ante su atención relacionados a las estipulaciones 73, 76 y 23 como consecuencia de la

---

[7] *Moción en Cumplimiento de Orden: Reacción de la Parte Demandante a Resolución del Comisionado sobre Objeciones a Informe de Cumplimiento 2022-2023 de la Monitora*, anejo II (8), págs. 392-425 del apéndice del recurso.
[8] *Resolución y Orden*, anejo I (1), págs. 1-10 del apéndice del recurso.
[9] *Reconsideración*, anejo II (9), págs. 426-447 del apéndice del recurso.
[10] *Orden*, anejo I (2), págs. 11-12 del apéndice del recurso.

deferencia otorgada al Comisionado, ya que ello:

a) No cumple con la normativa jurisprudencial aplicable y que delimita cuando y con es que la misma se puede invocar con propiedad. *Banco Popular de Puerto Rico vs. Gómez Alayón y Otros*, 2023 TSPR 145; *Umpierre Matos vs. Juelle Albelo,* 2019 TSPR 160; *Citibank v. ACBI*, 200 DPR 724, 736 (2018); *Ramos Milano v. Wal*-Mart, 168 DPR 112, 121 (2006); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986);

b) Debía ceder ante el ejercicio de la discreción del juzgador, cuando y entre otras razones, se observan "… *equivocaciones en la interpretación o aplicación de las normas o el Derecho sustantivo."* *Banco Popular de Puerto Rico vs. Gómez Alayón y Otros*, supra; *Umpierre Matos vs. Juelle Albelo*, supra; *Citibank v. ACBI*, supra; *Ramos Milano v. Wal-Mart*, supra; *Lluch v. España Service Sta.*, supra.

c) No aplica "*Cuando no se toma en cuenta un hecho material importante que no podía ser pasado por alto."* *Banco Popular de Puerto Rico vs. Gómez Alayón y Otros*, supra.

d) No aplica "*Cuando la decisión se basa exclusivamente en un hecho irrelevante e inmaterial o se concede gran peso y valor a este."* *Banco Popular de Puerto Rico vs. Gómez Alayón y Otros*, supra.

e) No aplica "*Cuando al considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevante, los mismos se sopesan y calibran livianamente."* *Banco Popular de Puerto Rico vs. Gómez Alayón y Otros*, supra.

El 17 de julio de 2025, emitimos una *Resolución* en la que dimos por perfeccionado el recurso sin la comparecencia de la parte recurrida.

El 30 de julio de 2025, el Departamento presentó una *Moción Informativa sobre Determinación del Comisionado en cuanto a la Estipulación 76*. En esencia, señaló que estando pendiente el recurso ante nos, sometieron el Informe correspondiente para el año

escolar 2023-2024, el cual presentaron la misma controversia relacionada con la estipulación 76. Así pues, alegó que el Comisionado evaluó y rectificó la determinación sobre dicha estipulación y concluyó que se podía adjudicar cumplimiento por el desempeño realizado, hasta tanto no acrediten que hayan eliminado toda información identificable en las órdenes. Por consiguiente, señaló que el Comisionado refirió a la atención de la Monitora para su revisión con la determinación emitida.

Analizado el recurso y expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

El recurso de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023), citando a *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021). La característica distintiva del vehículo procesal de *certiorari* descansa en la discreción del Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. La discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Banco Popular v. Gómez Alayón*, 213 DPR 314 (2023). No obstante, el ejercicio de la discreción concedida no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Íd*.

Ahora bien, en los procesos civiles, las normas que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Véase, además: *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de certiorari cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *Íd*. De otra parte, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd*.

El examen de dichos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas*. Reglamento TA, 2025 TSPR 42, establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*, estos son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

## III.

En el caso de autos, el Departamento, en esencia, alega que incidió el foro primario al no atender las estipulaciones 23, 73 y 76 del *Informe de Cumplimiento Anual* para el año escolar 2022-2023. En cuanto a la estipulación 76, el Departamento señala que la Monitora en su evaluación les dio un cero (0) al identificar en el criterio 2, que no cumplieron con el 100% de la totalidad de las órdenes y/o resoluciones que fueron evaluadas estuvieran libre de toda tachadura. No obstante, el Departamento presentó una moción informativa en la cual señaló que estando pendiente el recurso ante nos, sometieron el *Informe* para el año escolar 2023-2024, el cual presentaron la misma controversia relacionada con la estipulación 76. Sostuvo que, el Comisionado evaluó y rectificó la

determinación al concluir que se podía adjudicar cumplimiento por el desempeño realizado en dicho criterio 2.

De otra parte, en la estipulación 73, el Departamento plantea que la Monitora al rendir su Informe, señaló que no adjudicaría cumplimiento con dicha estipulación, dado que había controversias señaladas en el *Informe Preliminar Parcial*, sobre el tema de las *Querellas*. No obstante, resaltan que la Monitora debió solicitarle al comisionado que adjudicara la controversia o solicitarle al foro primario que le permitiera más tiempo para presentar su informe, puesto que, el Departamento sostiene se vio afectada la nota promedio.

Finalmente, sobre la estipulación 23, el Departamento alega que el propósito de dicha estipulación es evaluar las gestiones que llevó a cabo para tratar de mantener su presupuesto anual, y de ser necesario, hacer los esfuerzos por aumentarlo. Así pues, arguye que cumplió con el criterio 1, al lograr aumentar el presupuesto de un año escolar a otro. Sin embargo, que la Monitora se extralimitó al utilizar una metodología distinta para evaluar la data, de los cuales no forma parte de los criterios establecidos en el PMA 2019. Por consiguiente, reitera que en el Informe 2022-2023, se cometieron errores fundamentales, provocando una adjudicación errónea.

Al examinar el trámite procesal del caso y la determinación recurrida, no encontramos que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado de su discreción o cometido algún error de derecho.

En el caso ante nos, el foro *a quo* tuvo la oportunidad de evaluar la *Resolución del Comisionado sobre Objeciones a Informe de Cumplimiento 2022-2023* y las mociones relacionadas, por lo que, emitió la *Resolución y Orden* recurrida. Así pues, no identificamos razón por la cual debamos intervenir, ya que no se presentan ningún criterio de contemplados en la Regla 40 del Reglamento de este Tribunal. Así, con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho. Por ello, denegamos la expedición del auto de *certiorari* solicitado.

Sin embargo, debido a que el Departamento nos informó de la determinación posterior emitida por el Comisionado en cuanto a la estipulación 76 en el *Informe* del año escolar 2023-2024, siendo similar a la que tenemos ante nuestra consideración, corresponde que la misma sea evaluada primero por la Monitora. Ante esto, le corresponde a la Monitora evaluar dicha determinación a la brevedad posible. Posterior a la determinación que haga la Monitora las partes evaluaran la necesidad, si alguna, y de proceder en derecho, solicitar una revisión administrativa ante este Foro de la determinación posterior que haga la Monitora.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones